IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PET FRIENDLY, INC.,                :

      Plaintiff,                :

vs.                               :          CA 06-0642-C

THE CATAPULT GROUP,                :
L.L.C., et al.,
                                   :
      Defendants.

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants' motion to transfer
venue to the Northern District of Texas (Doc. 15) and plaintiff's opposition to
the defendants' motion to transfer venue (Doc. 18). Upon consideration of the
contents of the pleadings and briefs, and the affidavit of Richard Peterson
submitted in support of the transfer motion, the Court **DENIES** the
defendants' motion to transfer venue.

## FINDINGS OF FACT

1.     The Court takes notice of the findings of fact made in the
memorandum opinion and order entered in this case on November 15, 2006
denying the defendants' motion to dismiss for want of *in personam*

jurisdiction. (Doc. 13, at 2-12)

2.     In support of the motion to transfer venue, the defendants have

supplied this Court with the affidavit of Rick Peterson. (Doc. 16, Exhibit A)

> 2.     I am now, and, at all times relevant to this lawsuit have been the president, and sole member, of The Catapult Group, L.L.C. (Catapult).

> 3.     Catapult is a Texas Limited Liability Company with its principal place of business in Dallas, Texas.

> 4.     I, individually, am a resident of the state of Texas.

> 5.     The CostCo account about which Pet Friendly complains in their (sic) Complaint is a Dallas, Texas account and the product was to be distributed to CostCo stores in Texas.

> 6.     It would be more convenient and more cost effective to myself and The Catapult Group, L.L.C. if this matter was transferred to a Texas federal court for trial.

> 7.     Further, it will be easier for the witnesses that will need to testify for my defense and in furtherance of my counterclaim to participate at the trial of this matter if the trial is in Texas rather than Alabama.

> 8.     The work that I performed on the CostCo account was performed in Texas.[]

(*Id.*)

## CONCLUSIONS OF LAW

1.     Pursuant to 28 U.S.C. § 1391(a), venue in a civil case in which

jurisdiction is predicated solely on diversity of citizenship, as here, is proper

in any of the following judicial districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Id*. As indicated in the November 15, 2006 order denying the defendants' motion to dismiss for want of *in personam* jurisdiction, a substantial part of the events giving rise to the claims in this case arose in the Southern District of Alabama (*see* Doc. 13, at 2-3 & 7-8); therefore, for purposes of § 1391(a), venue is properly laid in this Court. Accordingly, the issue of whether this case should be transferred to the Northern District of Texas is governed by 28 U.S.C. § 1404(a).

2.      Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought." (emphasis supplied). When making a decision about whether to transfer venue, district courts "generally rely on a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through

compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system." *Gould v. National Life Ins. Co.*, 990 F.Supp. 1354, 1357-1358 (M.D.Ala. 1998); *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) (decided before enactment of § 1404 but noting numerous relevant factors and observing that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

3.     The defendants in this case have not satisfied their burden of establishing that this case represents one of those rare situations warranting the disturbance of plaintiff's choice of forum. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. . . . Thus, in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient.").  The convenience of the parties amounts to a wash in this case since it is certainly more convenient for the plaintiff, whose principal place of business is in Fairhope, Alabama, to pursue this lawsuit in this Court, whereas it is more convenient for defendants to defend the action in the Northern District of Texas, where the defendants

reside and where the contract at issue was drafted and executed by defendant Peterson for Catapult. There is no indication from the defendants that they have witnesses that will be unavailable for trial in this Court, *cf. American Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254, 262 (W.D.Mo. 1980) ("[I]f the party moving for transfer under § 1404(a) merely makes a general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, the motion for transfer based on convenience of witnesses will be denied.")[1] and while those witnesses may possibly be outside the subpoena power of this Court, those problems would persist in Texas, with respect to witnesses located in Alabama (of which there are undoubtedly several given that the main principals and employees of plaintiff reside in the Southern District of Alabama). Given the ability to move documents with relative ease in today's world, the location of documents (and other sources of proof) factor certainly does not weigh in favor of transfer to the Eastern District of Texas. In addition, while the defendants make the allegation that it would be more cost effective and efficient for counsel of the parties in the Texas action to handle both actions, this does not take into consideration that it would add that much more to the

---

[1]     Defendants have not made the specific showing regarding witnesses that the court in *American Standard, Inc*. found to be necessary.

5

expense of plaintiff's Alabama counsel in this case to handle this case in Texas.[2] Finally, there has been presented nothing to suggest that the trial efficiency and expense to justice system factor weighs in favor of transfer,[3] particularly since this Court stands ready to give both parties a full and fair hearing in an expeditious manner. *Cf. P & S Business Machines, Inc. v. Canon USA, Inc.,* 331 F.3d 804, 808 (11th Cir. 2003) ("Although docket congestion, if proven, may be an appropriate consideration in a § 1404 motion to transfer, case law does not suggest that docket congestion is, by itself, a dispositive factor."). All a transfer would do in this case is shift inconvenience from the defendants to the plaintiff and therefore, this Court must necessarily favor plaintiff's choice of forum by denying the defendants' motion to transfer venue to the Eastern District of Texas. *See Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996) ("'The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'").

---

[2]     Defendants have not shown that plaintiff would necessarily employ Texas counsel to handle this case if it was transferred to the Northern District of Texas.

[3]     While defendants contend, and plaintiff concedes, that Texas law will govern the contract claim, there is little doubt that Alabama law will govern plaintiff's fraud and conversion claims. Certainly, this Court will not be any more uncomfortable or inconvenienced in applying Texas law to the contract claim as the Texas court would be applying Alabama law to the fraud and conversion claims.

6

## CONCLUSION

The defendants' motion to transfer venue to the United States District Court for the Eastern District of Texas, pursuant to 28 U.S.C. § 1404(a) (Doc. 15), is **DENIED**.

**DONE** and **ORDERED** this the 12th day of December, 2006.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**